**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **TWANA AHMED, individually and on behalf of all others similarly situated,** § § § § |  |
| **Plaintiff,** § |  |
| **v.** § § § | **CIVIL ACTION NO. _____** |
| § |  |
| **USAPD, LLC., D/B/A USA Patrol Division, and Isam Samara,** § § § | **JURY DEMANDED** |
| § |  |
| **Defendants** § § § |  |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Twana Ahmed, individually and on behalf of all others similarly situated, by and through his counsel, brings this Complaint against USAPD, LLC, d/b/a USA Patrol Division (formerly American Security Services, LLC), and Isam Samara ("Defendants"), and hereby states and alleges as follows:

### INTRODUCTION

1. Defendants failed to pay overtime and minimum wage as required by the Fair Labor Standards Act ("FLSA").

2. Plaintiff and all other similarly situated employees are non-exempt hourly employees who worked for Defendants and did not receive any overtime pay for every hour worked above 40 hours each week.

3. Plaintiff worked at Defendants' location in Houston, Texas as a non-exempt hourly employee. Plaintiff was entitled to at least the statutory minimum-wage for every hour worked, and to overtime pay at one-and-one-half times his regular rate of pay for all hours worked in excess of

forty (40) in a workweek.

4. Defendants also failed to pay Plaintiff for any of the hours he worked during his last three (3) weeks of work.

5. Pursuant to Defendants' company-wide policies, practices, and/or procedures, Defendants failed to pay Plaintiff and other similarly situated non-exempt hourly employees the proper amount of minimum wage and overtime compensation due and owing pursuant to the FLSA.

6. Defendant's systematic violations of the FLSA were willful in that Defendants either knew that their policies, practices, and/or procedures violated the FLSA or acted with reckless disregard as to whether or not the policies complied with the law.

7. Plaintiff, individually, and on behalf of all other similarly situated employees, brings this lawsuit as a collective action under the FLSA, 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime wages owed to Plaintiff and all other similarly situated workers employed by Defendants.

## JURISDICTION AND VENUE

8. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiff and others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

10. Plaintiff Ahmed is a resident of the State of Texas. He is a former employee of Defendants.

11. Defendant USAPD, LLC, d/b/a USA Patrol Division is a Limited Liability Company engaged in commerce and subject to the FLSA. Defendant USAPD, LLC may be served with process by serving its registered agent, Nisreen Samara located at 3001 Autumn Creek Dr., Friendswood, Texas 77546.

12. Defendant Isam Samara is a natural person residing in Texas. He may be served at USAPD, LLC's office located at 13326 Westheimer, Suite A, Houston, Texas 77077.

13. At all relevant times herein, Defendants were an engaged in commerce or in the production of goods for commerce and have enjoyed gross receipts in excess of $500,000 during each of the years within the statutory period.

14. Defendants were at all times pertinent to the allegations in this complaint, "employers" within the meaning of 29 U.S.C. § 203(d) of Plaintiff and similarly situated individuals.

## GENERAL ALLEGATIONS

15. Plaintiff re-alleges the allegations set forth above.

16. Plaintiff and all similarly situated employees are non-exempt, hourly employees who work or worked for Defendants at any of their locations nationwide and who were not paid at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) per week

17. Additionally, Plaintiff was not paid at all for three entire weeks of work completed for Defendants.

18. Defendant Isam Samara is the owner and/or officer of Defendant USAPD, LLC, and controls its day-to-day operations. Defendant Isam Samara is responsible for overseeing the completion of Defendant USAPD, LLC's projects, processing payments, for the services the company renders by and through their employees, billing clients for services rendered, managing employee relations, ordering materials and supplies necessary to complete projects, managing employment records, processing payroll and directing other business matters.

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff re-alleges the allegations set forth above.

20. Plaintiff brings the FLSA claim, arising out of Defendant's unlawful policies, practices, and/or procedures regarding the calculation and payment of overtime compensation, as an "opt-in"

collective action pursuant to 29 U.S.C. § 216(b) on behalf of Plaintiff and the following class:

> All employees classified by Defendants as non-exempt hourly employees were not paid at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) per week and who worked at any of Defendants' locations nationwide.

21. Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice where employees congregate.

22. Defendant violated the FLSA by failing to pay Plaintiff and the putative class members all overtime compensation due and owing for all overtime hours worked in a workweek.

23. Specifically, as discussed above, Defendant's policies, practices, and/or procedures were to pay only a straight hourly rate for all hours worked, whether they were in excess of 40 hours in one workweek or not. As a result, Defendants' policies, practices, and/or procedures resulted in a systematic failure to pay all overtime compensation due and owing in violation of the FLSA.

24. Defendants' policies, practices, and/or procedures described above were to unlawfully and willfully fail to properly pay its non-exempt employees pursuant to the FLSA.

**DEMAND FOR JURY TRIAL**

25. Plaintiff hereby requests a trial by jury of all issues so triable.

**PRAYER**

26. Plaintiffs and the putative class members respectfully ask for judgment against Defendant and pray this Court:

    a. Issue notice to all similarly situated employees of Defendant informing them of their right to file Consents to Join the FLSA portion of this action;

    b. Award Plaintiff and the putative class members damages for all unpaid overtime compensation due under 29 U.S.C. § 216(b);

    c. Award Plaintiff and the putative class members liquidated damages under 29 U.S.C. § 216(b);

    d.  Award Plaintiff and the putative class members pre-judgment and post-judgment interest as provided by law;

    e.  Award Plaintiff and the putative class members attorneys' fees and costs under 29 U.S.C. § 216(b); and

    f.  Award Plaintiff and the putative class members such other relief as the Court deems fair and equitable.

Respectfully submitted,

**MISHOE MILLER LAW, PLLC**

*/s/ Michelle Mishoe Miller*
Michelle Mishoe Miller
Texas Bar No. 24044991
Southern District No. 997007
Michelle.Miller@mishoemillerlaw.com
4309 Yoakum Blvd.
Houston, Texas 77006
Tel: (713) 521-6575
Fax: (832) 550-2073

**ATTORNEY FOR PLAINTIFF**