United States District Court
Southern District of Texas
**ENTERED**
December 21, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TWANA AHMED, Individually and on behalf of All Others Similarly Situated, | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| V. | | CIVIL ACTION NO. H-19-3620 |
| USAPD, LLC d/b/a USA Patrol Division, and ISAM SAMARA, | | |
| Defendants. | | |

## **MEMORANDUM AND RECOMMENDATION**

Before the Magistrate Judge upon referral from the District Judge is Plaintiffs' Motion for Conditional Certification and Court Authorized Notice (Document No. 20). In that motion, Plaintiff Twana Ahmed ("Ahmed"), who filed this FLSA case on behalf of himself and all others similarly situated, seeks certification of this case as a collective action of "[a]ll current and former workers, who worked at any business that was owned, operated, and/or acquired by Defendants, during the past three (3) years at any time, who (1) worked as Security Guards; and (2) were paid on an hourly basis."  Having considered the motion and the declaration evidence submitted in support, Defendants' response in opposition (Document No. 22), the additional briefing (Document Nos. 23 & 24), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiff's Motion for Conditional Certification and Court Authorized Notice (Document No. 20) be GRANTED.

This action arises out of alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  Plaintiff Twana Ahmed alleges in his Complaint that he was not paid overtime for hours worked in excess of forty (40) per week, and was additionally not paid, at all, for the last

weeks he worked for Defendant. Ahmed also alleges that Defendants have policies, practices and/or procedures "to pay only a straight hourly rate for all hours worked, whether they were in excess of 40 hours in one workweek or not," and that such policies "resulted in a systematic failure to pay all overtime compensation due and owing in violation of the FLSA." Ahmed seeks certification of this case as a collective action. In support of his Motion for Conditional Certification, Ahmed has submitted his own Declaration, and the Declaration of Manaure J. Bethencourt. Ahmed states in his Declaration, as follows:

2. I worked for USAPD, LLC and Isam Samara as a Security Guard. I was assigned to various locations to provide security patrol services. This included patrolling the location, reporting suspicious activity, and detaining trespassers. I would also inspect buildings on location from time to time. All of the Security Guards that worked for USAPD, LLC have the same general duties.

3. I began work for USAPD, LLC in 2016 and worked until January 2019. Initially, the company operated as American Security Services, LLC and changed its name to USAPD, LLC sometime in 2017.

4. During my time working for USAPD, LLC, Isam Samara was the owner of the company. Mr. Samara determined the amount of my pay and signed my checks. Both Mr. Samara and Mr. Muñoz would assign me to different posts and shifts, and both knew how many hours I worked each day. They also required that I send daily reports at the end of each day.

5. USAPD, LLC and Isam Samara paid me ten dollars for each hour of work I completed. I was paid every two weeks. I was paid the same amount per hour regardless of the hours that I worked each week. I was never paid any overtime for the hours that I worked over forty each workweek.

6. My normal work week was from Monday to Sunday.

7. The hours I worked varied from week to week. I would pick up shifts whenever I was needed, but generally, in 2017 and 2018 I was working from 9 am until 4 pm, and from 6 pm until 10 pm Monday through Sunday. Sometimes I would work 18-hour days and a few times, I even worked 20-hour days. Toward the end of my employment I usually worked from 8 am

>    until 4 pm Monday through Sunday.
>
> 8.  I also know that in 2019, USAPD, LLC was under investigation by the Department of Labor for these practices, was found in violation, and was ordered to pay back wages to some of my co-workers.
>
> 9.  Based on my experience with USAPD, LLC and Isam Samara, my conversations with coworkers, and my conversations with the Department of Labor, all of USAPD's Security Guards were paid on an hourly basis, and regularly worked over 40 hours each week without receiving overtime compensation.
>
> 10. Lastly, I was never paid for any of the work I completed during my last three workweeks.

(Document No. 20-1). Bethancourt's Declaration, while substantially similar to that of Ahmed, also contains Bethancourt's statement that he "began to work for USAPD, LLC in early 2017 and worked until approximately early 2018. Initially, the company operated as American Security Services, LLC and changed its name to USAPD, LLC sometime in 2017." (Document No. 20-3, ¶ 3). Bethancourt also states, somewhat differently than Ahmed, that

> 5.  USAPD, LLC and Isam Samara initially paid me eleven dollars for each hour of work I completed. After a few months I was given a rise and received twelve dollars an hour. I was paid every two weeks. . . . Additionally, when I drove to different locations, I was not paid for the time I spent driving between locations.
>
> * * *
>
> 7.  The hours I worked varied from week to week. I would pick up shifts whenever I was needed, but generally, I was working 8-hour days 6 days a week. There was a lot of employee turnover. Anytime someone couldn't make it to their shift, I would report to work and frequently picked up additional 5 hour and 3-hour shifts.

(*Id.* at ¶ 5, 7). Ahmed argues in his Motion for Conditional Certification that these Declarations are sufficient to meet the low threshold burden for collection action certification.

3

In response to Plaintiff's Motion for Conditional Certification, Defendants maintain that Ahmed was an independent contractor and therefore cannot be considered similarly situated to any employees of Defendant; that Bethancourt was not employed by Defendants and therefore his Declaration should be disregarded; and that Defendants settled an administrative proceeding with the Department of Labor in 2019, whereby Defendants' employees were paid back wages, making it unlikely that there are others similarly situated to Ahmed and the FLSA claims he has raised in this case.

Section 16(b) of the FLSA permits an employee to bring an action "for and [on] behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to such an action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought." *Id*. Thus, unlike a FED. R. CIV. P. 23 class action, a representative action under § 16(b) "follows an 'opt-in' rather than an 'opt-out' procedure." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). *See also LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir. 1975).

In *Hoffman-La Roche, Inc. v. Sperling*, the U.S. Supreme Court held that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." 493 U.S. 165, 169, 110 S. Ct. 482, 486 (1989). Although the Fifth Circuit has not directly addressed the meaning of "similarly situated" in this context, it has reviewed two methods used to resolve this issue. The first approach, the *Shushan* method, treats the "similarly situated" inquiry as coextensive with Rule 23 class certification, and therefore, courts should look at numerosity, commonality, typicality and adequacy of representation factors to determine whether to certify a class. *See Mooney*, 54 F.3d at 1214, citing *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D.

Colo. 1990). The second approach involves a two-stage class certification set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D. N.J. 1987). *See Mooney*, 54 F.3d at 1213. The two-stage process consists of a "notice" stage followed later by a "decertification" stage. *Mooney*, 54 F.3d at 1213-14. During the "notice" stage, the Court determines whether notice of the action should be given to potential class members. *Id*. Since the evidence available is limited, the standard applied is a lenient one, usually resulting in "conditional certification" of a representative class, to whom notice is sent and who receive an opportunity to "opt-in." *Id*. at 1214. Generally, after the close of discovery, the defendant initiates the second stage by filing a motion for "decertification." *Id*. At this stage, the Court makes a factual determination utilizing the information accrued from discovery on whether the plaintiffs are "similarly situated." *Id*. If the Court finds that the plaintiffs are "similarly situated," then the case proceeds as a representative action. *Id*. If the Court finds that the plaintiffs are not "similarly situated," then the class is decertified, the "opt-in" plaintiffs are dismissed without prejudice, and the original plaintiffs proceed to trial on their individual claims. *Id*.

Here, utilizing this two-stage process in this case, *see e.g. Cruz v. Conocophillips*, 208 F.Supp.3d 811, 816 (S.D. Tex. 2016) (utilizing *Lusardi* approach); *Hernandez v. Robert Dering Construction, LLC*, 191 F.Supp.3d 675, 681 (S.D. Tex. 2016) (utilizing *Lusardi* approach), the undersigned concludes that Ahmed has satisfied the lenient standard recognized in *Lusardi* for conditionally certifying this case. That lenient showing requires proof that: "1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; [and] 2) those aggrieved individuals are similarly situated to the plaintiff in relevant aspects given the claims and defenses asserted." *Jones v. Cretic Energy Servs., LLC*, 149 F.Supp.3d 7461, 768 (S.D. Tex. 2015). The Declarations

submitted in support of the Motion for Conditional Certification meet that proof burden. Both Ahmed and Bethancourt state that they worked for Defendants as security guards and that they worked more than forty hours a week but were not paid overtime for the hours worked in excess of forty. Whether Ahmed was, or was properly considered, an independent contractor is of no consequence at the certification stage. *Sanchez v. Schlumberger Tech. Corp.*, Civil Action No. 2:17-CV-102, 2018 WL 23353333 *7 (S.D. Tex. Jan. 24, 2018). In addition, while Defendants argue that Bethancourt was not employed by them, Bethancourt states in his Declaration that he was, and that he was employed by a predecessor company called American Security Services, LLC. The contents of Bethancourt's Declaration, coupled with the description of the proposed class as including "current or former workers, who worked *at any business that was owned, operated, and/or acquired by Defendants, during the past three (3) years at any time*" (emphasis added), make the contents of Bethancourt's Declaration both relevant and probative of whether there are those similarly situated to Ahmed in terms of overtime pay. Finally, the existence of a Department of Labor Investigation does not foreclose the certification of a collective action, for it is only those who accept payment based on a Department of Labor settlement, as payment in full, who have waived their right to pursue their FLSA remedies in a court proceeding such as this. *Maynor v. Dow Chemical Co.*, Civil Action No. G-07-0504, 2008 WL 2220394 *10-11 (S.D. Tex. May 28, 2008). In all, because Ahmed has met the lenient standard in *Lusardi* for conditional certification of this case, and because Defendants' arguments do not undercut the showing Ahmed has made under the *Lusardi* standard, Ahmed's Motion for Conditional Certification should be granted.

As for the terms of the proposed notice, the method for providing notice, and the proposed time-line, Defendants have lodged no objections to any of Plaintiff's proposals. The notice and the

time-line proposed by Plaintiff (Document Nos. 20-4 and 20-5) appear reasonable, and should be utilized. Thus, the Magistrate Judge

RECOMMENDS that Plaintiff's Motion for Conditional Certification and Court Authorized Notice (Document No. 20) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b). Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 21st day of December, 2020.

*Frances H. Stacy*

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE